大成 DENTONS

Mark Califano

mark.califano@dentons.com
D  +1 202 496 7327

Dentons US LLP
1900 K Street, NW
Washington, DC 20006
United States

dentons.com

March 30, 2023

The Honorable J. Paul Oetken
U.S. District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re:** *In re Grand Jury Subpoena Dated February 2, 2023,* **No. 1:23-mc-00083-JPO: Consent Motion for Leave to File Under Seal**

Dear Judge Oetken:

Pursuant to your Honor's Individual Rules and Practices Rule 2(E)(ii)(a) and Rule 6 of the Federal Rules of Criminal Procedure, Movants respectfully request leave to seal the Rule 7.1 Corporate Disclosure Statement, the Memorandum of Law in Support of Movants' Motion to Intervene and Quash Grand Jury Subpoena Dated February 2, 2023, the attached exhibits and supporting declaration, and the accompanying Motion for Leave to Submit Privileged Exhibits *Ex Parte* for *In Camera* Review, and the Joint Motion for Proposed Briefing Schedule and all accompanying proposed orders or exhibits (collectively, the "Confidential Materials") on the grounds that the filings relate to a grand jury subpoena dated February 2, 2023 (the "Subpoena").

The United States Attorney's Office for the Southern District of New York consents to and does not oppose this Motion.

Sealing the Confidential Materials is mandated under the Federal Rules of Criminal Procedure. Rule 6 requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). The Second Circuit has recognized that "[t]he plain language of th[is] Rule shows that Congress intended for its confidentiality provisions to cover matters beyond those actually occurring before the grand jury" and that it requires "all records, orders, and subpoenas relating to grand jury proceedings be sealed, not only actual grand jury materials." *In re Grand Jury Subpoena*, 103 F.3d 234, 237 (2d Cir. 1996). As such, Rule 6 applies to litigation regarding motions to quash because the public disclosure of such a motion "poses a significant risk of disclosing information which has occurred or which may occur before the grand jury." *Id.* at 238; *see also United States v. Index Newspapers LLC*, 766 F.3d 1072, 1086 (9th Cir. 2014) (holding that the motion to quash fell within the "scope of Rule 6(e)'s secrecy protection," and finding that the "district court did not

The Honorable J. Paul Oetken
March 30, 2023
Page 2

dentons.com

err by maintaining under seal the filings and transcript related to the hearing on [the moving party's] motion to quash his grand jury subpoena."); *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 503 (D.C. Cir. 1998) ("[P]roceedings concerning compliance with grand jury subpoenas and objections to subpoenas on the ground of privilege are sealed in the district court.").

Further, there is no first amendment right of access to grand jury materials, including the briefing of a motion to quash a grand jury subpoena. *In re Grand Jury Subpoenas Dated Mar. 2, 2015*, No. 1:15-mc-00071 (VEC), 2016 WL 6126392, at *2 (S.D.N.Y. Oct. 19, 2016) (Caproni, J.). Indeed, "[t]he traditional presumption in favor of public access to judicial proceedings does not extend to grand jury proceedings." *Id.* at *3. Moreover, "[t]he common law does not provide a right of access to materials that must be sealed pursuant to Federal Rule of Criminal Procedure 6(e)(6)." *Id.*

The materials sought to be sealed—the Rule 7.1 Corporate Disclosure Statement, the Memorandum of Law in Support of Movants' Motion to Intervene and Quash Grand Jury Subpoena Dated February 2, 2023, the attached exhibits and supporting declaration, and the accompanying Motion for Leave to Submit Privileged Exhibits *Ex Parte* for *In Camera* Review, and Joint Motion for Proposed Briefing Schedule and all accompanying proposed orders or exhibits—all relate to grand jury proceedings involving the Subpoena and the underlying targets. Disclosure of the Confidential Materials would risk revealing "a great deal about the inner workings of the grand jury, the theories it is exploring, the targets it is investigating, and the testimony it has received or wishes to receive." *In re Grand Jury Subpoenas Dated Mar. 2, 2015*, 2016 WL 6126392, at *3. Thus, even if there were a need to publicly disclose the Confidential Materials—which there is not—it would not override the interest in secrecy that exists under Rule 6.

For these reasons, Movants respectfully request the Court grant Movants' Motion to seal and order that the Confidential Materials shall be placed under seal.

Respectfully submitted,

*/s/Mark Califano*

Mark Califano

cc:   Andrew Thomas (Andrew.Thomas2@usdoj.gov)
      Jared Lenow (Jared.Lenow@usdoj.gov)
      Danielle Sassoon (Danielle.Sassoon@usdoj.gov)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA DATED FEBRUARY 2, 2023 | Case No: 1:23-mc-00083-JPO |

**[PROPOSED] ORDER**

Upon consideration of Movants' Consent Motion for Leave to Seal Rule 7.1 Corporate Disclosure Statement, the Memorandum of Law in Support of Movants' Motion to Intervene and Quash Grand Jury Subpoena Dated February 2, 2023, the attached exhibits and supporting declaration, and the accompanying Motion for Leave to Submit Privileged Exhibits *Ex Parte* for *In Camera* Review, and Joint Motion for Proposed Briefing Schedule, and all accompanying proposed orders or exhibits, it is this _____ day of _____, 2023 hereby,

**ORDERED** that the Motion is **GRANTED**; and,

**FURTHER ORDERED**, that the Rule 7.1 Corporate Disclosure Statement, the Memorandum of Law in Support of Movants' Motion to Intervene and Quash Grand Jury Subpoena Dated February 2, 2023, the attached exhibits and supporting declaration, and the accompanying Motion for Leave to Submit Privileged Exhibits *Ex Parte* for *In Camera* Review, and Joint Motion for Proposed Briefing Schedule, and all accompanying proposed orders or exhibits be filed under seal.

**IT IS SO ORDERED.**

_____
The Honorable J. Paul Oetken
U.S. District Court Judge

1